JOHN PAINE *vs.* RICHARD FRANCE AND FRANCIS MORRIS.

PRACTICE IN COURT OF APPEALS: MOTION TO RE-OPEN FINAL DECREE AND RE-HEAR THE CAUSE.—The Court of Appeals having by final decree affirmed a decree of the inferior Court overruling exceptions to certain evidence and dismissing the complainant's bill, the appellant filed a motion "to re-open the decree heretofore passed therein and to re-hear the cause."—HELD :

That where it appears to the Court that the purposes of justice would not be advanced thereby, nor the complainant entitled to relief under an amended bill, a final decree dismissing the bill will not be re-opened for the purpose of remanding the cause under Art. 5, sec. 28, of the Code.

COMITY BETWEEN STATES.—A Court of Equity in Maryland will not entertain a suit based upon a contract or transactions involving a violation of the laws of her sister States within their limits.

APPEAL from the Circuit Court of Baltimore city.

This was a motion filed in a cause heretofore decided in this Court, ( see *Paine vs. France et al.*, 25 *Md. Rep.*, 163,) praying the Court "to re-open the decree heretofore passed therein and to re-hear the cause."

The motion was heard by BOWIE, C. J., BARTOL and WEISEL, J.

*Reverdy Johnson* and *Richard T. Merrick* for, and *J. Mason Campbell* and *Milton Whitney* against the motion.

BARTOL, J., delivered the opinion of this Court.

The Court have considered the motion filed in this case by the appellant, "to re-open the decree heretofore passed therein and to re-hear the cause," and have carefully examined the opinion heretofore pronounced, together with the record and notes of argument, and have, upon consultation with the other members of the Court who did not sit at the hearing or participate in the former decision, come to the conclusion that the motion ought not to be granted.

In the judgment of the Court there was no error in their ruling upon the questions decided.

The suggestion that the Court ought not to have passed a final decree, but that under the Code, Art. 5, sec. 28, the cause ought to have been remanded without affirming or reversing, so that the complainant might proceed under an amended bill, would be entitled to great weight if it appeared to this Court that the purposes of justice would thus be advanced, or that he would be entitled to relief under an amended bill.

The record contained an agreement setting forth that by the laws of all the other States, the sale of lottery tickets within their limits was forbidden. And in the opinion of this Court, this admission presents an insuperable obstacle to the complainant's recovery under any state of pleading.

A Court of Equity in Maryland will not entertain a suit based upon a contract or transactions involving a violation of the laws of our sister States within their limits.

The complainant in this case therefore would not be entitled to relief in respect to the sales of lottery tickets out of the limits of Maryland ; his case would not be aided by an amendment of the bill so as to make it conform to the evidence offered.

*Motion overruled.*