# JOHN S. GITTINGS *vs.* THE MAYOR AND CITY COUNCIL OF BALTIMORE.

*Illegal Assessment of Property for Taxation—Statutory Remedy—Injunction—Notice of Increased Assessment—Remanding Cause for Amendment of Bill Without Affirmance or Reversal—Costs.*

Equity will not interfere by injunction to restrain the collection of a tax illegally assessed when the revenue statute provides an adequate remedy for the party aggrieved by such assessment.

But if the assessment of property for taxation has been increased without previous notice thereof to the property owner, as is required by the statute, then, since he is unable to appeal under the statute, he may maintain a bill to restrain the collection of the tax, alleging the failure to give notice.

Plaintiff filed a bill in 1900 to restrain the collection of a tax on his land in the annexed district of Baltimore City, alleging that the assessment thereon had been illegally increased. Under a decree *pro confesso* the collection of the taxes for that year was enjoined. In 1901 the plaintiff filed the bill in this case to restrain the collection of taxes on said land for 1901 alleging that the increase in the assessment over that of former years was illegal and that the decree under the former bill had established that illegality. Section 170 of the City Charter provides that any party aggrieved because of any assessment may appeal to the City Court which shall ascertain the proper assessment. Section 164A of the City Charter gives to the Appeal Tax Court power at any time to increase or diminish the valuation and assessment of property for taxation upon giving five days' notice to the owner of the property. *Held,*

1st. That the decree under the first bill relating to taxes for the year 1900 is not conclusive as to the legality of the assessment for the year 1901 under the present bill, the subject-matter of the two suits not being the same.

2nd. That if the assessment of plaintiff's property was increased for the year 1901 without notice thereof to him, the injunction asked for would be granted, but if such notice was given then the plaintiff's only remedy would be by an appeal to the City Court as provided in said section 170 ; and since the bill in this case does not allege that the prescribed notice was not given it fails to state a ground for the injunction and must be dismissed.

Upon motion for re-argument, *held,*

1st. That since the plaintiff now alleges that notice of the increase in the

assessment was not given, he should be allowed an opportunity to establish that fact by an amendment of his bill and the production of evidence.

2nd. That the cause will consequently be remanded to the Court below under Code Art. 5, sec. 36, without affirming or reversing the decree appealed against to the end that plaintiff's bill may be amended and such further proceedings had as may be necessary for determining the cause upon its merits.

3rd. That since this course of procedure has been rendered necessary by plaintiff's failure to make the proper averments in his bill, he should bear the costs up to this stage of the case.

Appeal from the Circuit Court No. 2, of Baltimore City (WICKES, J.)

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, BOYD, PEARCE, SCHMUCKER and JONES, JJ.

*J. J. Alexander,* for the appellant.

*Olin Bryan* (with whom was *Wm. Pinkney Whyte* on the brief), for the appellee.

PEARCE, J., delivered the opinion of the Court.

This is an appeal from a decree of the Circuit Court No. 2, Baltimore City, dismissing a bill filed to restrain the collection of certain taxes for the year 1901, alleged to be demanded without any legal assessment of the property against which said taxes are charged. This property consists of a tract of land situated in that part of the city known as the Belt, which was annexed to the city by the Act of 1888, ch. 98, under the terms of which, the rate of taxation for city purposes upon all landed property so annexed, could at no time until the year 1900, exceed the tax rate for Baltimore County for the year 1887, which was 60 cents in the $100; nor could there be, until the year 1900, for the purpose of city taxation, any increase in the assessment of such property as then assessed. In *Sindall's case,* 93 Md. 526, this provision of the Annexation Act was construed, and it was held that such property was not liable either to any increased assessment, or to taxation at the

current city rate, until after the year 1900.   That case was decided June 12th, 1901.   Before that time however, in October, 1900, this plaintiff had filed a bill in equity against this defendant, alleging his ownership of these lands and that they were, prior to the year 1900, assessed at $82,510, but that defendant pretended another assessment of said property had been made at the value of $217,650, on which assessment taxes were demanded from plaintiff at the rate of 60 cents per $100, amounting to $1,306.56, which he refused to pay, but tendered $495.36, being the true amount of taxes at said rate upon the former assessment, which the Tax Collector refused to receive, and plaintiff prayed an injunction to restrain the levying and collection of taxes upon said pretended assessment, and the refusal to receive the amount of taxes so tendered.

Upon this bill a decree *pro confesso* was obtained, defendant having neglected to answer in time, and in January, 1901, a final decree was passed granting the injunction prayed.   In April, 1901, a petition for a rehearing was filed, but in October, 1901, this petition was dismissed, the decision in the *Sindall case* in the meantime having set at rest the question then at issue between plaintiff and defendant.

In November, 1901, the present bill was filed, reciting at length the proceedings in the former case, and asserting that it was conclusively determined by the decree therein that the said pretended assessment of said land was null and void, and that defendant could not under existing laws levy any taxes for city purposes on said lands, upon any other than the previous assessment of $82,510, nor at a higher rate than 60 cents in the $100.   The bill further alleged that defendant had delivered plaintiff a tax bill for 1901 on said lands for city purposes, upon said assessment of $217,650, amounting to $1,306.56, which he had refused to pay, but had tendered the proper sum of $495.36, which the Tax Collector refused to receive, and was about to distrain for the amount unlawfully demanded.   The bill further alleged that no new legislation had authorized any new or other mode of assessment of said

lands than that which existed when the former bill was filed, and the former decree was passed, " and that defendant has not in fact made, nor pretended to make, any new or other assessment of said property than that mentioned in the former bill," and the plaintiff prayed an injunction as in the former bill.   There was a decree *pro confesso* which was subsequently stricken out, and a demurrer was filed, the ground of demurrer being that under sec. 170 of the City Charter the plaintiff had an ample remedy in a Court of law which has sole and exclu·sive jurisdiction for the purpose of review of said assessment and valuation, and that having failed to avail himself of that remedy, he must abide by the action of the Appeal Tax Court in reference to said assessment.   The Circuit Court No. 2 sustained the demurrer and dismissed the bill.

Section 170 of the City Charter which the defendant relies on to sustain its demurrer, provides that "any person aggrieved because of any assessment made by the Appeal Tax Court, or because of its failure to reduce or abate any existing assessment, may ,by petition appeal to the Baltimore City Court to review the assessment.  *  *  *   The petition in such appeal shall set forth that the assessment is *illegal*, specifying the grounds of the alleged *illegality*, or is erroneous by reason of over-valuation—or is inequal,  *  *  *  and that the petitioner is, or will be, injured by such alleged illegality, unequal or erroneous assessment.  *  *  *   All such appeals shall be taken within thirty days after an assessment has been made as aforesaid, or after refusal to reduce or abate an existing assessment, and shall be heard not less than five, nor more than thirty days, after the expiration of the thirty days' limit for taking appeals as aforesaid.  *  *  *.   The person appealing to the said Baltimore City Court shall have a trial before the Court without the intervention of a jury, and the Court sitting without a jury shall *ascertain or decide on the proper assessment*," which decision or ascertainment is required to be certified by the Baltimore City Court to the Judges of the Appeal Tax Court, and is made by said section 170, "final and conclusive in every respect, unless an appeal be taken to the Court of Appeals."

In *Stoddert* v. *Ward*, 31 Md. 563, where an injunction was sought to restrain the collection of taxes, this Court said: "In the execution of the revenue laws, the Constitution and the Acts of Assembly have provided for the selection of certain public officers charged with the duty of *assessing* and collecting the public taxes; if any errors, omissions, or irregularities occur in the discharge of their duties, such errors may be corrected by the means which the tax laws provide," and the injunction was accordingly refused. In *County Commissioners of Allegany County* v. *Union Mining Company*, 61 Md. 545, the Mining Company claimed that a portion of the tax levied upon its property was illegal and void, and asked that the county commissioners and the tax collector be restrained from selling the property. The Circuit Court for Allegany County granted the injunction, but on appeal, the decree was reversed, the Court saying: "It is only when the tax itself is clearly illegal, or the tribunal imposing it has clearly exceeded its powers, or the rights of the taxpayers have been violated, that the interposition of the special remedy by injunction can be invoked, *and only then, when no appellate tribunal has been created with power* to remedy the wrong." In *Friedenwald* v. *Shipley*, 74 Md. 220, it was held that where the law authorized an appeal to the Circuit Court for the county by any person dissatisfied with the award for damages or assessment of benefits in the matter of opening a street, that Court on such appeal has exclusive and final jurisdiction to correct any errors in these respects, saying "It is too well settled to admit of further discussion that a Court of equity cannot undertake the decisions of questions which the law has confided to another tribunal especially designated to adjudicate them."

The appellant contends, however, that this ground wholly fails because the bill states, and the demurrer admits, that no new or other assessment of the property in question has been made since the decree in the former case, and that consequently there was no assessment against which the appellant could have appealed to the City Court, but we cannot adopt this view. Section 170 of the City Charter, in express terms,

embraces an *illegal* assessment as cause of an appeal to the City Court. "A pretended assessment," such as the bill in this case charges, is an illegal assessment, and the City Court has the same power under this section, to strike down a pretended or illegal assessment, and to restore the actual or true assessment, that it has to reduce or abate an erroneous or unequal assessment. The plain object of this section of the charter was to provide a prompt, efficient, and ample remedy for the correction of all errors, either of omission or commission in the assessment and collection of taxes in the city of Baltimore, and in construing a similar provision in 61 Md., *supra*, this Court said that even where the tax itself is illegal, or the tribunal imposing it has clearly exceeded its powers, the remedy by injunction cannot even then be invoked, if an appellate tribunal has been created with power to remedy the wrong. The case of *Holland* v. *Mayor and City Council*, 11 Md. 168, was not designed to establish a different doctrine. That case, and the case of *Mayor* v. *Porter*, 18 Md. 301, were considered in *Page* v. *Mayor*, 34 Md. 564 and 565, and it was there shown that these and other cases mentioned were applicable where it was sought to enforce the provisions of a *void ordinance*, but that where an appeal is given to the parties to be affected by the proceedings, any irregularities therein are open upon appeal, and the appellate tribunal is the proper one to review and correct them.

Nor do we think that the former decree can be regarded as conclusively determining the illegality of the assessment now in question. The subject of consideration in the former case was the assessment for the year 1900, while in the present case it is the assessment for the year 1901. The *res* in the one case is not the same as in the other, though all the circumstances of the two cases may be the same, and we can discover nothing in the cases of *New Orleans* v. *Citizens Bank of Louisiana*, 167 U. S. 371, and *Mercantile Nat. Bank* v. *Hubbard*, 105 Federal Rep. 817, cited by appellant to require a different conclusion. But even if the former decree were held to make a case of *res adjudicata* that plea would have been

properly made in the City Court on appeal, and would have been as effective there for the protection of the appellant, as in a proceeding in equity.

Appellant's counsel, in his closing oral argument, asserted that no notice whatever had been given by the Appeal Tax Court of its purpose to change the plaintiff's assessment for the year 1901, and this statement was not met by any denial from the appellee's counsel, but this alleged defect was not alluded to in the plaintiff's bill, nor in his printed brief.

Section 164A of the City Charter gives the Appeal Tax Court power at any time to revise all valuations and assessments of real or personal property in said city, and to lower or increase the same, and provides that whenever said Court shall propose to alter or change any assessment, or make any new assessment, they shall before such assessment is made, give at least five days notice thereof, in writing, to the owner of the property to be assessed or reassessed. If therefore, the prescribed notice of such purpose was not in fact given, such alteration and increase was illegal, and if the failure to give such notice had been alleged in the bill of complaint, it cannot be questioned that the injunction should have been granted. It was held in *Monticello Distilling Company* v. *Mayor and City Council of Baltimore*, 90 Md. 416, that "notice and an opportunity to be heard are essential to the validity of every assessment for taxation. That it is a rule founded on the first principles of natural justice, older than written constitutions, that a citizen shall not be deprived of his life, liberty or property, without an opportunity to be heard in defense of his rights, and that this fundamental principle is applicable in its full force to the method by which each individual's property is valued to fix the basis of his liability for the payment of taxes." The assessment in that case had reference to distilled spirits under the special provisions of ch. 704 of 1892, which Act nowhere provided for notice or hearing before any tribunal or official on the question of valuation, and for that reason the Act was held unconstitutional, and the tax sued for could not be recovered. Here, the law

is free from this infirmity, but it is of no avail that the law requires notice to be given of the purpose to alter or change an assessment, if no notice in fact be given, and it cannot be said that a taxpayer is in default for failure to appeal from an increase of his assessment, if he has neither knowledge nor means of knowledge of the purpose to make such increase. But it is apparent from the views we have expressed upon the other objections urged, that the failure to give the prescribed notice, is the only fact, if it be assumed to be a fact, which would give jurisdiction to the Circuit Court, and that fact is not alleged in the bill, and nowhere appears in the record. It is manifest that the bill was based wholly upon the alleged effect of the former decree, and it is hardly to be supposed that so experienced and skilful a lawyer as plaintiff's counsel would have omitted to allege want of notice, had this been known to him when he prepared and filed the bill, or at any-time before the ruling upon the demurrer. Every reasonable intendment should be made in support of the regularity of proceedings which are sought to be enjoined in equity, and this principle requires a presumption that the Appeal Tax Court did not disregard its duty to give the prescribed notice before increasing this assessmeut. The demurrer denies the jurisdiction of the Court upon the distinct ground alone that there was a remedy at law by appeal, which could not be said if plaintiff had no notice of the proposed increase of assessment, and the Court evidently sustained the demurrer upon that ground. It has been repeatedly held in equity pleadings to be essential that that which gives jurisdiction to the Court, should be distinctly and substantially alleged (*Grove* v. *Rentch*, 26 Md. 367 and cases there cited), and we therefore think that justice to the appellees and to the Circuit Court requires us to hold that if this want of notice existed, it should have been alleged in the bill to warrant us in reversing the decree. We had occasion to say in *Triesler* v. *Wilson*, 89 Md. 178, that we must consider and decide cases as they are presented by the record, and not as regarded by counsel in their briefs and arguments when these add to or subtract from the

record, and the application of this rule in the present case will not permit us to do otherwise than affirm this decree dismissing the bill.

*Decree affirmed with costs above and below.*

(Decided June 18th, 1902.)

A motion for a re-argument was subsequently made and in disposing of the same,

PEARCE, J., delivered the opinion of the Court.

A motion has been filed in this cause for reargument, or failing in this, that the decree passed herein may be modified, and that in lieu of the affimance of the decree passed by the Court below, the cause may be remanded under Article 5, section 36 of the Code of Public General Laws, to the end that the appellant may have leave to amend his bill of complaint by averring therein that the Appeal Tax Court of Baltimore City did not give him any notice of its purpose to change or alter his assessment upon "Ashburton" for the year 1901, under the provisions of section 164A of the Charter of Baltimore City.

We have carefully considered this motion and the brief filed in support thereof, and we remain of the opinion that the bill cannot properly be regarded as denying that the required notice of the purpose of the Appeal Tax Court to increase this assessment was given to the appellant, and in the present state of the record we should be compelled to adhere to the decree of affirmance heretofore passed. We stated in the opinion heretofore filed in this case that if the failure to give such notice had been alleged in the bill, the demurrer must have been overruled and the injunction granted. It is now alleged in the brief filed in support of the motion for modification of the decree, that no such notice was in fact given, and that proof thereof can be made. If this be true, we think it equitable that an opportunity should be afforded to establish the fact, since under an amended bill averring this fact, and sustained by proper proof, the appellant would be entitled to relief.

*Paine* v. *Morris*, 26 Md. 46; *Johnson and Wife* v. *Robertson*, 31 Md. 491.

We shall therefore, as authorized by Article 5, section 36 of the Code of Public General Laws, rescind the decree of affirmance heretofore passed, and shall, without affirming or reversing the decree of the Court below, order the cause to be remanded, to the end that the bill may be amended as indicated, and that such further proceedings may be had, and such testimony be taken, as shall be necessary for determining the cause upon its merits in accordance with this opinion.

As this course is due to appellant's failure to make the averment, now to be allowed by amendment, it is only proper he should bear the costs up to this stage of the cause.

> *Decree of affirmance heretofore passed, rescinded, and cause remanded under section 36 of Article 5 of Code, without affirming or reversing the decree of Circuit Court No. 2, of Baltimore City, for further proceedings in conformity with this opinion.   Appellant to pay the costs above and below.*

(Decided October 31st, 1902.)