## STATE TAX COMMISSION OF MARYLAND v. BULLIS SCHOOL, INC.

[No. 103, September Term, 1958.]

*Decided January 20, 1959.*

The cause was argued before BRUNE, C. J., and HENDER-SON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Joseph S. Kaufman, Assistant Attorney General,* with whom was *C. Ferdinand Sybert, Attorney General,* on the brief, for the appellant.

Submitted on brief by *Robert A. Wallace* for the appellee.

PRESCOTT, J., delivered the opinion of the Court.

The question involved herein is a narrow one and not difficult of solution. It is simply whether the Circuit Court

560

for Montgomery County (Judge Duer, specially assigned) was correct in reversing, upon the ground of estoppel by judgment, or *res judicata,* the action of the State Tax Commission which had denied an exemption from taxation of certain real estate.

The appellee is the owner and operator of a military preparatory school located in Silver Spring, Maryland. The Silver Spring operation is conducted on real estate located in that city and owned by the appellee, consisting of some six acres of land to which exemption has been allowed from taxation under (Code 1957) Article 81, sec. 9 (8). During the period involved in this case, it was also the owner of a large tract of land and improvements comprising 285 acres situate on Veirs Mill Road in Montgomery County, which was purchased for a future site of the school. In 1951, the State Tax Commission (Commission) allowed an additional exemption for the tax year 1950 pursuant to (Code 1957) Article 81, sec. 9 (8) for 34 acres of this land and the improvements thereon. Thereafter, Montgomery County filed an appeal to the Circuit Court for Montgomery County from the action of the Commission (for the purpose of clarity this will be referred to as Appeal I). And while this appeal was pending the appellee, in 1953, sought to exempt an additional 60 acres so that the appellee could take advantage of the enlargement of this exemption from 40 acres to 100 acres, pursuant to Chapter 27 of the Acts of 1950. The request to exempt the additional 60 acres was denied by the Appeal Tax Court of Montgomery County, and this action was finally affirmed by this Court in 1955 in *Bullis School v. Appeal Tax Court,* 207 Md. 272, 114 A. 2d 41. The taxable status of the 34 acres in the case at bar was not involved nor determined in that case.

In the meantime, during 1951, 1952 and 1953 the appellee enjoyed an exempt status for the 34 acres and the buildings thereon, but the County assessed, on June 22, 1954, for the year 1954 the entire tract of land on Veirs Mill Road, including the 34 acres of land which had been previously exempted for the years 1951, 1952 and 1953, and being the same land involved in the appeal (Appeal I) that was still

pending relating to the 1950 taxes thereon. Shortly thereafter (July 28, 1954) [1] a hearing was held in that appeal (Appeal I) relating to the 1950 taxes which resulted in the Circuit Court's affirming the action of the Commission. No appeal was taken from this decision of the Circuit Court.

From the above mentioned 1954 assessment an appeal (Appeal II) was noted to the Commission, which was heard after the Circuit Court's order in Appeal I had become enrolled. The appellee asked the Commission to make certain rulings on questions of law, the gravamen of which was a request to find that the decision of the Circuit Court regarding the 1950 assessment was *res judicata*, or an estoppel by judgment, as to any subsequent assessments that involved the same parties, the same statute, the same property and the same questions of fact. The Commission ruled that the taxpayer had failed to meet the burden of establishing all the facts necessary to avail it of the doctrine of estoppel by judgment, relying principally upon the fact that the decision of the Circuit Court in Appeal I involved an assessment for taxes for a different year than the taxes involved in Appeal II then being heard by the Commission, and therefore constituted separate and distinct causes of action, which prevented the application of the doctrine of estoppel by judgment. As stated by the Assistant Attorney General: "The Commission found that each year is the origin of a new tax liability, and, therefore, the doctrine of *res judicata* is not applicable." Thereafter an appeal was filed in the Circuit Court for Montgomery County alleging that the Commission erred in refusing to find an estoppel by judgment as to the assessment involved, and, after a hearing, Judge Duer passed an order reversing the action of the Commission, and the Commission has appealed.

It is conceded by the parties that in Appeal I and this appeal (Appeal II) the same law is to be applied, the parties and the property are the same and the taxes are for different years. At the hearing before the Commission, Mr. Duvall, the Field Supervisor of Assessments for Montgomery County,

---

1. No reason was assigned why the appeal was not sooner submitted to the Court for determination.

testified that he was familiar with the facts presented to the Commission on Appeal I upon which the exemption was first granted, and there had been no change in the use of the property up to and including 1954 which was different from that in 1950. In this, he was substantiated by Mr. Allen, the Supervisor of Assessments, and no evidence was offered to refute the fact that the use of the property in the 1954 taxable year was the same as that of 1950.

Perhaps the leading case in this country on estoppel by judgment is that of *Cromwell v. County of Sac,* 94 U. S. 351. In that case, at pages 352, 353, it is stated:

"In considering the operation of this judgment, it should be borne in mind * * * that there is a difference between the effect of a judgment as a bar or estoppel against the prosecution of a second action upon the same claim or demand, and its effect as an estoppel in another action between the same parties upon a different claim or cause of action. In the former case, the judgment, if rendered upon the merits, constitutes an absolute bar to a subsequent action. It is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose. * * *

"But where the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered. In all cases, therefore, where it is sought to apply the estoppel of a judgment rendered upon one cause of action to matters arising in a suit upon a different cause of action, the inquiry must always be as to the point or question actually litigated and determined in the original

action, not what might have been thus litigated and determined. Only upon such matters is the judgment conclusive in another action."

See also *LeBrun v. Marcey,* 199 Md. 223, 226, 227, 86 A. 2d 512; *Sterling v. Local* 438, Etc., 207 Md. 132, 140, 113 A. 2d 389; Note, 88 A. L. R., 574; *Tait v. Western Maryland Ry. Co.,* 289 U. S. 620, 623, (a case involving an income tax for different years, cited by this Court in the *LeBrun* case, *supra*) ; *New Orleans v. Citizens' Bank,* 167 U. S. 371, *United States v. International Building Co.,* 345 U. S. 502, 505. Cf. *Blair v. Commissioner,* 300 U. S. 5.

We are not interested here in the technical distinctions sometimes made between the terms *res judicata* and estoppel by judgment; so, we shall not discuss them in this opinion.

A casual reading of the above authorities discloses that merely because the taxes were for different taxable years (and granting that the government's claims therefor created different causes of action) is not controlling. Conceding that the causes of action were different, there can still be an estoppel by judgment if the parties are the same and the point or question was, in fact, litigated and determined in the original action. As stated by Judge Hammond for this Court in the *Sterling* case, *supra,* 207 Md. at page 140, "If, in a second suit between the same parties, even though the cause of action is different, any determination of fact, which was actually litigated in the first case, is conclusive in the second case."

It seems clear that the decision of the Circuit Court for Montgomery County in Appeal I was predicated upon a finding that the appellee had made a proper showing to establish a tax exemption for the year 1950, which necessitated a finding that the use of the property was for educational purposes warranting an exemption under said Article 81, sec. 9 (8). Since then there has been no material change in the law, the parties and the property are the same as in the present case and the only testimony taken before the Commission showed that the use of the property for the taxable year 1954 was the same as in 1950. Under these circumstances, what ques-

tions are to be determined here that were not fully litigated in the original case? We can discover none; hence we hold that the doctrine of estoppel by judgment was properly applied by Judge Duer.

The appellant cited the cases of *Keokuk & Western R. R. Co. v. Missouri,* 152 U. S. 301 (1893) ; *Newport v. Commonwealth,* 50 S. W. 845 (Ky. 1899), *Board of Directors, etc. v. People,* 59 N. E. 977 (Ill. 1901), *Henricksen v. Seward,* 135 F. 2d 986 (9th Cir. 1943), and *Gittings v. Baltimore City,* 95 Md. 419, 424, 52 A. 937 (1902), to support its position.

The *Newport* case, *supra,* was decided upon the authority of the *Keokuk & Western R. R. Co.* case, *supra,* but the Supreme Court in the later *New Orleans* case, *supra,* at page 399, pointed out that *Keokuk* is not authority for the proposition that estoppel by judgment (sometimes called collateral estoppel) is not applicable simply because the validity of a subsequent year's taxes is being contested. Justice White in a full and elaborate opinion reaffirmed *Cromwell v. County of Sac, supra,* and, at page 398 stated:

"It follows, then, that the mere fact that the demand in this case is for a tax for one year and the demands in the adjudged cases were for taxes for other years, does not prevent the operation of the thing adjudged, if, in the prior cases, the question of exemption was necessarily presented and determined upon identically the same facts upon which the right of exemption is now claimed."

*The Board of Directors etc. v. People, supra,* is not in point.

The *Henricksen* case, *supra,* presented an unusual set of facts, but it is easily distinguishable from the case at bar. There, the Court specifically recognized that the doctrine of estoppel by judgment had long been applied in the Federal courts in the tax field, but different factual disputes were involved in the original suit and the one then being considered (a situation not present in the case at bar) and declined to apply the doctrine.

Insofar as there is any inconsistency between what has been said in this opinion and the dictum contained in *Gittings v. Baltimore,* 95 Md. 419 at page 424, 52 A. 937, we decline to follow it.

*Order affirmed with costs.*