DAYTON FABRICATED STEEL CO., APPELLEE, *v.* DAYTON TOWN & COUNTRY, INC., APPELLANT.

(No. 2276—Decided April 16, 1954.)

310

*Messrs. Matthews & Altick,* for appellee.
*Messrs. Marshall & Smith,* for appellant.

HORNBECK, J.   This is an appeal on questions of law from a declaratory judgment in favor of the plaintiff.   The controversy upon which the action was predicated arose by reason of a difference of opinion of the parties as to the obligation of the defendant under a written contract, particularly under article 8 thereof.

The facts essential to an appreciation of the legal questions presented for determination are not in dispute, and they appear from the pleadings and a stipulation of the parties.

Defendant, as owner, and plaintiff, as contractor, entered into a written agreement whereby the contractor was obligated to furnish and pay for all equipment and all labor necessary to complete the following work, namely:

"Unload the fabricated structural steel furnished by others, at your job, haul same to the job site, and erect with field bolt connections the structural steel, complete in all respects, for this project No. 3 Dayton Town & Country, Inc. * * *

"We will set the bearing plates for beams and do the grouting necessary between column plates and piers."

The contract described by metes and bounds the land involved in the improvement known as Project No. 3.

Article 8 of the contract provided:

"The contractor hereby agrees to save and indemnify and keep harmless the owner against all liability, claims, judgments or demands for damages arising from accidents to persons or property occasioned by the contractor, his agents or employees, and against all claims or demands for damages arising from accidents to the contractor, his agents or employees, whether occasioned by said contractor or his employees or by the owner or his employees or any other person or persons; and the said contractor will defend any and all suits that may be brought against the owner on account of any such accidents and will make good to, and reimburse, the owner for any expenditures that said owner may make by reason of such accidents."

The contractor entered upon the work which it was obligated to perform under the contract at the project mentioned

and described in the early paragraphs of the contract. In the employ of the plaintiff and working on the project covered by the contract was a Max Cranford. Under the contract plaintiff was obligated to erect certain structural steel framework of the building to be erected. The steel framework was to be attached to a concrete foundation. The concrete foundation was laid by defendant, who also inserted bolts therein, to which were to be attached the upright steel columns. The concrete foundation with the bolts inserted had been completed when the plaintiff entered on its work.

On April 16, 1951, Cranford and other employees of the plaintiff had raised what was known as a steel "H" column, which was seated over and aligned on the metal bolts in the cement footer, and nuts were threaded on the bolts to the base plate. The column was standing when the employees of the plaintiff quit work on the afternoon of April 16. The next day, soon after Cranford had reported for work, he was struck and injured by the steel "H" column. There is controversy between the parties as to the cause of Cranford's injury, whether by reason of negligence or improper workmanship of defendant in placing the bolts in the concrete foundation, or by the negligence of an employee of plaintiff in operating a crane loaded with structural steel.

Cranford applied for and was granted an award under the Workmen's Compensation Act. Later he instituted an action in the Common Pleas Court of Franklin County, in which defendant was a party defendant, seeking damages for acts of the defendant which he claimed were negligent and which directly and proximately caused his injuries. Four specifications of negligence were asserted, which were directed to the failure of the defendant to provide anchor bolts of sufficient length or to insert them to sufficient depth; to insert anchor plates in the concrete foundation and attach bolts to the plates; and in failing to warn plaintiff of the manner in which the bolts were installed in the concrete foundation. Succeeding the institution of this action, the defendant claims that it orally demanded of plaintiff that it defend Cranford's action. This is denied, but later defendant, in writing, requested plaintiff to so defend. This is admitted.

The appellee denying any obligation to defend the action of Cranford or to respond to any claim for damages that might arise by reason thereof or costs incident thereto and defendant asserting plaintiff's obligation under the contract to meet all these claims, the declaratory judgment action was instituted.

The trial judge held with the plaintiff in all particulars and supported its position largely upon the contentions made here by plaintiff. Succinctly, the grounds for the judgment below are that the negligence complained of in the Cranford action did not arise by reason of work to be performed by the plaintiff under its contract with Dayton Town & Country, Inc.; that the indemnity clause in the contract does not apply to work performed by defendant in its construction project; that this plaintiff did not by its contract with defendant agree to perform for the defendant; and that the plaintiff was not obligated in any manner whatever to defend the Cranford suit or to pay any damages that might be awarded therein or costs arising therefrom.

The contention of plaintiff is that the contract is not specific as to the coverage of the liability of plaintiff and was not restricted to the location where Cranford was injured. Whether the contract could be held to have application over and beyond the location where the work of plaintiff was being carried on is not involved. It clearly appears that Cranford was injured while in the employ of the plaintiff while working on Project No. 3, which is specifically covered by the contract.

It is urged that the indemnity clause protects the defendant from the results of his own negligence and, therefore, calls for careful scrutiny. With this contention we are in agreement. Plaintiff contends that the contract is ambiguous because it does not disclose that it is connected with the subject matter of the contract, and is too broad to be particularized. The defendant claims that the contract is clear and concise and permits of no construction other than the obligation for which it contends. We are in agreement with the claims of the defendant. The contract clearly covers the work which the plaintiff was to perform for the owner, the defendant. The place where the work was to be performed was definitely fixed. Cranford, an employee of the plaintiff, was injured while at work on

the project covered by the contract. Whether his injuries were caused by the negligence of plaintiff's employees or defendant's employees is in controversy.

It would be difficult to frame language more inclusive than found in article 8 of the contract fixing the obligation of plaintiff respecting the subject matter of Cranford's action in Franklin County. It is charged, and it may eventuate, that Cranford's injuries were caused by the negligence of defendant's employees, but the contract made no such requirement as a prerequisite to plaintiff's liability. It provides that the contractor shall indemnify the owner against all liability, claims, or judgments for damages arising from accidents to the contractor or his employees, whether occasioned (caused) by said contractor or his employees or by the owner or his employees; and the contractor will defend any and all suits that may be brought against the owner on account of any such accidents and will make good to, and reimburse the owner for, any expenditures that the owner may make by reason of such accidents.

The cases cited by defendant hold that contracts indemnifying the indemnitee against claims or damages arising out of the negligence of his own employees are enforceable and not against public policy, although to be strictly construed. *Kay* v. *Pennsylvania Rd. Co.,* 156 Ohio St., 503, 103 N. E. (2d), 751; *Farmers Natl. Bank* v. *Ins. Co.,* 83 Ohio St., 309, 94 N. E., 834; *Bellish* v. *C. I. T. Corp.,* 142 Ohio St., 36, 50 N. E. (2d), 147; *George H. Dingledy Lumber Co.* v. *Erie Rd. Co.,* 102 Ohio St., 236, 131 N. E., 723.

It is desirable when an owner contracts with one who is to perform services and furnish labor for him, that such contractor shall indemnify the owner without qualification against damages and resultant expenses for injuries suffered by workmen by reason of accidents occurring on the job. Such unqualified indemnification precludes all questions such as have arisen here; namely, the cause of the injuries, whether by reason of the negligence of the owner, his employees, the contractor or his employees, or without the fault of either. In the Cranford suit, defendant contends and pleads that it is not liable. That is the issue which can not be determined until the cause proceeds to judgment. If defendant maintains its claim,

there is no offense against public policy by plaintiff agreeing to defend the suit, and clearly it should do so. The defendant under the contract is not obliged to wait until the Cranford suit has been resolved. The contract comprehends the performance by the contractor (plaintiff) of all its obligations, namely, to defend the action of Cranford, and to pay all damages which might eventually be assessed against the defendant and costs arising by reason of the action.

The judgment of the trial court is reversed, judgment entered in favor of the defendant in conformity with this opinion, and the cause remanded.

*Judgment reversed.*

WISEMAN, P. J., and MILLER, J., concur.