**GENERAL ACCIDENT FIRE & LIFE ASSURANCE CORPORATION, LIMITED, Plaintiff-Appellant,**

v.

**SMITH AND OBY COMPANY, Defendant-Appellee (two cases).**

Nos. 13780, 13781.

United States Court of Appeals Sixth Circuit.

Dec. 15, 1959.

R. Crawford Morris, Cleveland, Ohio, Arter, Hadden, Wykoff & Van Duzer, Cleveland, Ohio, on brief, for appellant.

Michael R. Gallagher, Cleveland, Ohio, Thomas A. Dugan, of Hauxhurst, Sharp, Cull & Kellogg, Cleveland, Ohio, on brief, for appellee.

Before SIMONS, Senior Judge, and MARTIN and CECIL, Circuit Judges.

CECIL, Circuit Judge.

This is an appeal from the judgment of the District Court denying General Accident Fire & Life Assurance Corporation, Ltd., (hereinafter called "General Accident") as assignee of The H. K. Ferguson Company, (hereinafter called "Ferguson") the right to indemnification from Smith and Oby Company (hereinafter called "Smith and Oby").

In June of 1956, General Accident filed an action in the District Court to recover some $57,915.40 plus interest as damages for breach of an indemnity provision of a contract existing between Smith and Oby and Ferguson. Thereafter, in August of the same year, Smith and Oby filed in the Common Pleas Court of Cuyahoga County, Ohio, an action against General Accident for a declaratory judgment. This latter action was removed to the District Court where the two cases were consolidated for trial. D.C., 148 F.Supp. 126. Identical questions were involved in both cases. They were tried to the court on a stipulated statement of facts.

A brief statement of facts will serve to present the principal question. Ferguson was the general contractor to construct a shopping center project. Smith and Oby was a subcontractor of Ferguson for the performance of certain work. The contract between the parties contained an indemnity provision as follows:

"Sub-Contractor agrees to pay and indemnify Contractor from and against all losses, liabilities, suits or obligations of every kind paid or incurred by Contractor on account of failure of Sub-Contractor to perform agreements herein. Sub-Contractor further agrees to indemnify and save harmless the Contractor and the Owner from all loss, expense, damages, claims, suits or subrogations resulting from injury, including death, sustained by Sub-Contractor, or by any employee, agent or representative of Sub-Contractor, or by others who may be performing work for the Sub-Contractor, arising from any cause or for any reason whatsoever in or about the premises where the work is being performed."

James J. McNulty, an employee of Smith and Oby, while working on the project, sustained personal injuries through the sole negligence of Ferguson when an employee of Ferguson by an act within the scope of his employment, negligently caused a plank to fall on him.

McNulty sued Ferguson for damages for the injuries sustained as a result of Ferguson's negligence. General Accident, as the insurance carrier for Ferguson, took up the defense after Smith and Oby declined to do so. During the trial the suit was settled for $55,000.00, which sum was paid to McNulty by General Accident on behalf of Ferguson pursuant to its insurance policy obligations. It is conceded that the settlement was a reasonable one. General Accident is subrogated to the rights of Ferguson.

The first question is whether or not General Accident standing in the place of Ferguson, can recover from Smith and Oby on the indemnity provision of the contract for the negligent act of Ferguson.

The contract was made in Ohio between Ohio companies and it is conceded that under Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, the situation is governed by Ohio law.

Contracts of indemnity purporting to relieve one from the results of his failure to exercise ordinary care are not contrary to public policy. Such contracts must be strictly construed and express the intent to indemnify in clear and unequivocal terms. George H. Dingledy Lumber Co. v. Erie Railroad Co., 102 Ohio St. 236, 131 N.E. 723; Kay v. Pennsylvania R. Co., 156 Ohio St. 503, 103 N.E.2d 751.

The question may be more narrowly stated as follows: Do the indemnity provisions of the contract between Ferguson and Smith and Oby express in clear and unequivocal terms the intention on the part of Smith and Oby to indemnify Ferguson for any sum which it might be required to pay as a result of its own negligence?

As was stated in the Kay case, supra, 156 Ohio St. at page 506, 103 N.E. 2d at page 753, " * * * the vigorous conflict between the parties comes in the task of applying the agreed law to the agreed facts." Such an application of the law to the facts is a question of law. J. V. McNicholas Transfer Co. v. Pennsylvania R. Co., 6 Cir., 154 F.2d 265 at page 266.

In Massachusetts Bonding & Insurance Co. v. Westinghouse Electric & Manufacturing Co., 72 N.E.2d 388, 389 (Court of Appeals of Cuyahoga County), the indemnity clause reads: " * * * would save * * * harmless from and against all claims, demands or suits which may be brought * * * on account of any claim made * * * for injury to or death of any of the employees of the contractor and of the subcontractors, if any." The Court held that this language did not express an intent to indemnify in sufficiently "clear and unequivocal terms" to protect the indemnitee as to losses or injuries which

might be incurred as a result of its own negligence. This case was decided December 30, 1946.

The trial judge accepted this authority for his decision although he considered that it was in conflict with a later decision of the Court of Appeals of Cuyahoga County. St. Paul Mercury Indemnity Co. v. Kopp, Ohio App.1954, 121 N.E.2d 23, 24.

In the Kopp case the indemnity provision reads:

"7. Contractor agrees, in consideration of the work awarded to it by Principal, to indemnify and save harmless Principal from any and all loss, cost, damage, or expense to persons or property, including the injury or death suffered by persons employed by said Contractor or members of the public, growing out of or in any way connected with the performance of the work awarded to Contractor."

This was held to be such a clear and unequivocal expression as would hold the indemnitor liable to the indemnitee for its negligence. The Court in this instance was the ninth District Court of Appeals sitting in the Cuyahoga Court by designation. It was, nonetheless, a decision of the Cuyahoga County Court of Appeals and it cannot be distinguished on that basis.

While the language of the indemnity provisions of the Massachusetts and Kopp cases and the case at bar are somewhat similar, they are not exactly identical. It appears that in each case the intent to make the indemnitor liable to the indemnitee for the negligence of the indemnitee is progressively more clearly and unequivocally expressed.

It must be borne in mind that we are applying a principle of law to a set of facts. The principle of law does not change, but the facts are rarely ever the same. The court in the Massachusetts case was confronted with this problem. In construing the language strictly as to intent unless it found it clearly and unequivocally expressed, it was bound to hold that the negligence of the indemnitee was not covered. How near the language of that agreement came to clearly expressing the intent in the minds of the Court, we can never know. Each case must stand on its own facts.

It is conceded that it is not necessary to use the word negligence in order to express the intent. It is apparent that the language of the instant case is closer to that of the Kopp case then it is to the language of Massachusetts. We are of the opinion that the intent was clearly stated in the Kopp case and that the court did not distort the meaning of the language used to arrive at its conclusion.

Standard Accident Ins. Co. v. National Fire Proofing Co., 1931, 39 Ohio App. 1, 176 N.E. 591, decided by the Court of Appeals for Cuyahoga County is also in point. The court here was a visiting court sitting by designation. Here, the indemnity clause reads as follows:

"The Sub-Contractor further agrees to indemnify and hold the Owner and Contractor harmless from any and all loss or damage which the Owner and Contractor, or either of them, may sustain on account of any claim, demand or suit made or brought against the Owner and/or Contractor by or on behalf of any employee of the Sub-Contractor, or by or on behalf of any person injured by the Sub-Contractor, his servants, agents or employees."

In construing this language the court said at page 7 of 39 Ohio App., at page 593 of 176 N.E.:

"Notwithstanding the restrictions which are placed upon contracts of indemnity such as the one we have under consideration, as expressed by the Ohio Supreme Court in Dingledy Lumber Co. v. Erie Rd. Co., 102 Ohio St. 236, 131 N.E. 723, the language employed in Section 8 is plain, unequivocal, and definite in its meaning." The Court held that there was no liability in this case, but not because the language of the indemnity provision was not sufficiently clear to make the indemnitor liable for the indemnitee's own negligence. The action against the indemnitee was by an ad-

ministrator. The contract provided "by or on behalf of any employee of the sub-contractor." Since the claim was made by reason of the wrongful death of an employee of the sub-contractor, it was not made by or on his behalf. See also Dayton Fabricated Steel Co. v. Dayton Town & Country, 1954, 99 Ohio App. 309, 133 N.E.2d 423 and J. V. McNicholas Transfer Co. v. Pennsylvania R. Co. (March 1946), supra.

Counsel for appellant have cited in their reply brief a very recent opinion of the Court of Appeals of Cuyahoga County. New Amsterdam Casualty Co. v. Kilroy Structural Steel Co., 159 N.E. 2d 797 (July 22, 1959) (Judges of the Ninth District sitting by designation).

The indemnity provision reads, at page 798 of 159 N.E.2d, supra:

"The subcontractor shall indemnify and save harmless, the owner, the architect, the contractor, and their respective agents, from any and all liability, payments and expenses of any nature, for injury or death to any person, or persons, or for damage to any property, caused or alleged to have been caused by the subcontractor, or incidental to the execution of work under this contract by the subcontractor, his agents or employees * * *."

With both the Massachusetts and Kopp cases before it the court said, "We are convinced that the reasoning adopted in the St. Paul Mercury Indemnity Co. v. Kopp case, supra, is equally applicable in this case. The contract provisions in the instant case are almost identical with those interpreted in the Kopp case, supra."

It was held that the indemnitor was liable to the indemnitee for the negligence of the indemnitee and recovery was allowed for the amount of the settlement plus costs and attorney fees.

The principle of construction known as ejusdem generis does not apply in the case before us. The indemnity provision is in a separate sentence which begins, "It is further agreed * * *". It is a completely self-contained sentence which does not refer back to the preceding part of the paragraph or to preceding paragraphs.

In Standard Accident Ins. Co. v. National Fire Proofing Co., supra, the court stated at page 7 of 39 Ohio App., at page 593 of 176 N.E.:

"The doctrine of ejusdem generis does not apply. The language under consideration occurs in a new and separate paragraph from the general subject-matter preceding it. This paragraph begins by stating that it is a further agreement to indemnify. If we construe it as contended by defendant, it adds nothing whatever to the contract."

In the light of these cases we look again at the language of the indemnity provision of the pending case. " * * * save harmless * * * from all loss, expense, damages, claims, suits or subrogations resulting from injury, including death, sustained * * * by any employee * * * who may be performing work for the Sub-Contractor, *arising from any cause or for any reason whatsoever* in or about the premises where the work is performed." (Emphasis added.)

It is difficult to see how more comprehensive or inclusive language could have been used. Negligence might have been spelled out specifically, but this is not required. If the word negligence had been used then it might be open to the question that it was limited to liability only for negligence.

The weight and trend of authority in Ohio and the Court of Appeals of Cuyahoga County particularly with language similar to that used in the case at bar, overwhelmingly supports the appellant's claim of liability against the indemnitor.

We conclude on the first question that the indemnity provision of the contract between Ferguson and Smith and Oby clearly and unequivocally states the intent that the indemnitor is liable to the indemnitee for its negligence.

The further question arises as to whether or not Smith and Oby are liable

to General Accident for its costs and attorney fees in defending the action.

In determining that the indemnitor was not liable the Trial Judge found that it was not necessary for him to pass on this question. He did, however, in the interest of a final disposition of the case in the event of an appeal, express the opinion that costs and attorney fees were allowable.

Since this conclusion was not necessary for the Trial Judge's consideration of the case, we are confronted with the problem of whether or not this question is before us on this appeal.

The complaint in case No. 13,780 stated two items of damages in one cause of action, one for the amount of the settlement and the other for costs and attorney's fees. It was stipulated that the costs and attorney's fees were reasonable. The order of judgment reads, "It is ordered that judgment is entered for Defendant Smith & Oby Company and the complaint is hereby dismissed at plaintiff's costs."

The judgment dismisses the entire complaint and the appeal is from the judgment. We, therefore, take up the item of costs and attorney fees as having been denied by the judgment.

It is argued on behalf of the appellee that since Ferguson, the indemnitee, did not pay them, General Accident has no right to recover them.

The suit was against Ferguson, but by reason of the insurance contract, General Accident stepped in and defended in place of Ferguson and assumed responsibility for any judgment or settlement within the limits of the policy. If there had been no insurance Ferguson would have been required to pay the settlement and the costs and attorney fees. By the subrogation agreement, General Accident came into possession of all the rights of Ferguson, which included the right to recover costs and attorney's fees as well as the amount of the settlement. It may as well be argued that Smith and Oby was not liable for the settlement because it was not paid by Ferguson.

The indemnity agreement provides for the payment of expenses and it seems obvious that liability on the agreement carries with it costs and attorney fees as well as the amount of the settlement.

The only Ohio case we have found exactly in point is New Amsterdam Casualty Co. v. Kilroy, supra. Here they were allowed as a matter of course without discussion. It appears that they were also allowed in the Kopp case, supra.

For the reasons herein expressed, we conclude that General Accident is entitled to recover from Smith and Oby the amount of the settlement it paid on behalf of Ferguson, together with its costs and attorney's fees.

The judgment of the District Court must be and is hereby reversed.

The cause will be remanded to the District Court for further proceedings in conformity with this opinion.