George P. **BAKER** et al., Plaintiffs,

v.

**KIMBERLY–CLARK CORPORA·
TION** et al., Defendants.

Civ. No. 4050.

United States District Court,
S. D. Ohio, W. D.

Sept. 18, 1973.

David C. Greer, Dayton, Ohio, for plaintiffs.

C. Richard Grieser, Columbus, Ohio, J. Robert Radabaugh, Dayton, Ohio, for defendants.

OPINION

CARL B. RUBIN, District Judge.

This matter is before the Court upon an Agreed Statement of Facts jointly submitted by plaintiffs, George P. Baker, Richard C. Bond, Jervis Langdon, Jr., and Willard Wirtz, Trustees of the Penn Central Transportation Company and by defendant Kimberly-Clark Corporation. Both sides have submitted briefs on the stipulated sole issue before the Court at this time, *to wit,* the extent, if any, to which the defendant Kimberly-Clark Corporation is obligated to indemnify the plaintiffs from the claim of Charles Crist, a Penn Central conductor, injured as a result of an accident on January 8, 1971. The Court has jurisdiction by way of diversity of the parties under 28 U.S.C. § 1332 (1970).

I

On 13 December 1968, defendant Kimberly-Clark Corporation entered into a "Private Side Track Agreement" with Penn Central Company, plaintiff's predecessor, which Agreement became effective on 8 March 1968. (Stipulation 3). The Agreement, in pertinent part, states:

THIRD: The INDUSTRY shall keep said track clear of obstructions; and, except as to the clearances, if any, less than standard shown upon said print, shall not allow any temporary or permanent obstruction or structure to be constructed or maintained within the space of 6 feet outside the nearest rail of any straight portion of said track, being the standard clearance for structures of the RAILROAD COMPANY nor within such additional space outside the nearest rail of any curved portion of the said track as the standard requirements of the RAILROAD COMPANY may, from time to time, prescribe for curves of like degree. . .

.    .    .    .    .    .

(b) The INDUSTRY shall assume and indemnify and hold harmless the

RAILROAD COMPANY for and from any and all liability, loss and expense, resulting from loss of life or injury to persons or damage to property (including employees of either of the parties hereto), arising in whole or in part by reason of or in any way resulting from the presence or maintenance of structures or obstructions, whether shown on said print or otherwise, encroaching upon the aforesaid standard clearances or from the presence of wire or cable lines over or adjacent to said track other than structures or obstructions, wire or cable lines belonging to the RAILROAD COMPANY or its licensees.

.     .     .     .     .     .

FIFTH: The INDUSTRY assumes all responsibility for and shall indemnify and hold harmless the RAILROAD COMPANY from and against any loss or damage to property of the INDUSTRY or to property upon the premises of the INDUSTRY or upon said track regardless of the RAILROAD COMPANY'S negligence, arising from fire caused by locomotives operated by the RAILROAD COMPANY for the purpose of serving said INDUSTRY, except to the premises of the RAILROAD COMPANY and the rolling stock belonging to the RAILROAD COMPANY or to third parties and to shipments then in the common carrier custody of the RAILROAD COMPANY.

Except as herein otherwise specifically provided, in respect of all loss or damage to property, other than by fire caused as aforesaid, or in respect of injury to or death of persons caused by or in connection with the construction, operation, maintenance, use, presence or removal of said track, (a) the RAILROAD COMPANY shall assume responsibility for and hold the INDUSTRY harmless from all losses, damages, claims and judgments arising from or growing out of the sole actionable acts or omissions of the INDUSTRY, its agents or employees; and (c) the parties hereto shall equally bear all losses, damages, claims and judgments arising from or growing out of the joint or concurring actionable acts or omissions of both parties hereto, their respective agents or employees.

At approximately 12:20 a.m. on 8 January 1971, while the Agreement was in full force and effect, Conductor Charles Crist, an employee of the Penn Central Transportation Company, was accidentally knocked from the stirrup of the lumber car of train MOW–½ in West Carrollton, Ohio, by a bale of pulp lying on the ground between the railroad loading dock and Track A at the Kimberly-Clark Corporation yard. (Stipulations 4 and 5). The bale of pulp was located within six feet of the nearest rail of Track A at a straight portion of those tracks. (Stipulation 8). As a result, Mr. Crist suffered injuries and made claim upon the plaintiffs under the Federal Employer's Liability Act. (Stipulation 6). Notice was given by plaintiff to defendant by letter of 13 January 1971 of said claim, and plaintiff demanded that defendant assume all liability and indemnify the plaintiff against all claims arising out of the 8 January 1971 incident. (Stipulation 10). To date, defendant has refused to so indemnify the plaintiffs. Plaintiffs now seek a declaratory judgment from this Court on the extent, if any, to which they are entitled to indemnification by the defendants under their Side Track Agreement.

II

Both plaintiffs and defendant have cited Freed v. Great Atlantic & Pacific Tea Co., 401 F.2d 266 (6th Cir. 1968), in the briefs as the controlling precedent. In *Freed*, the Sixth Circuit, relying on diversity jurisdiction principles, applied Ohio law on interpretation of Side Track Agreements to construe an indemnification clause. The Court found that since the contractual language was not "clear and unequivocal" on indemnification for claims resulting from the indemnitee's own negligence,

the Ohio rule of strict construction of indemnity controlled. That rule required the contract to be construed as providing indemnity only for one-half the claim amount where there was "joint and concurring negligence" of both parties. 401 F.2d at 269–270.

Although *Freed* is still the law in this Circuit and is instructive as to construction of indemnity clauses in Side Track Agreements, the Court finds it inapplicable since Section Three of the Side Track Agreement in this dispute is both clear and unequivocal as to the extent of indemnification. Where such clear and unambiguous terms appear on the face of the Agreement, *Freed* and other Ohio cases [1] are not on point since they concern rules of contract construction. Cincinnati Gas & Electric Co. v. Westinghouse Electric Corp., 465 F.2d 1064 (6th Cir. 1972). In *Cincinnati Gas*, the Sixth Circuit stated:

> An examination of the Ohio authorities makes it clear to us that while contracts seeking to relieve a party from the consequences of his own negligence or breach of duty are strictly construed, general rules of contract construction are not invoked where the contract is clear and unambiguous.
> . . .

*Id.* at 1066.

Section Three by its explicit terms establishes the duty of defendant Kimberly-Clark Corporation, the "Industry", to keep Track A clear of temporary or permanent obstructions or structures within six feet of the outside of the nearest rail.

In subparagraph (b) of Section Three, the defendant Industry agrees to indemnify and hold harmless the plaintiff Railroad

> . . . for and from any and all liability, loss and expense . . . re-

sulting from loss of life or injury to persons . . . (including employees of either of the parties hereto), arising in whole or in part from the presence or maintenance of structures or obstructions . . . encroaching on the aforesaid standard clearances . . . .

The import of subparagraph 3 is clear; the Industry has agreed to indemnify the Railroad for all liability arising "in whole or in part" from obstructions within the six foot clearance area. "In whole" evidences the Industry's intent and agreement to indemnify where an intruding obstruction was both the factual cause and sole proximate cause of an injury. "In part" refers to the possibility that an intruding obstruction could be only a part, large or small, in the factual chronology of events or occurrences causing injury. "In part", therefore, covers two situations, *i. e.*, where the Industry's obstruction is one of two or more proximate causes of an injury and also where there is an intervening and, perhaps, superceding proximate cause of injury. The coverage of "in part" clearly envisages and does, in fact, indemnify the Railroad against loss or liability from any contributory negligence in F.E.L.A. actions.

Section Three of the Side Track Agreement in "clear and unequivocal" language indemnifies the plaintiff Railroad from all liability, including that springing forth from its own negligence. Accordingly, there is no need to resort to rules of contract construction to determine coverage of the indemnification clause. *Accord*, Cincinnati Gas & Electric Co. v. Westinghouse Electric Corp., *supra*; Freed v. Great Atlantic & Pacific Tea Co., *supra*.

Section Five of the Side Track Agreement containing as it does the phrase

---

1. *Freed* relies on George H. Dingledy Lumber Co. v. Erie R.R., 102 Ohio St. 236, 131 N.E. 723 (1921) and Kay v. Pennsylvania R.R., 156 Ohio St. 503, 103 N.E.2d 751 (1952). *See also*, Brogdon v. Southern Railway, 384 F.2d 220 (6th Cir. 1967); Dayton Fabricated Steel Co. v. Dayton Town & Country, Inc., 99 Ohio App. 309, 133 N.E.2d 423 (1954). *But see*, General Accident Fire & Life Insurance Corp. v. Smith and Oby Co., 272 F.2d 581 (6th Cir. 1959).

"except as herein otherwise specifically provided" has no application herein.

Accordingly, the Court holds that defendant is required to indemnify and hold harmless plaintiff from liability arising out of injuries to Charles Crist incurred in an accident on January 8, 1971.

This Opinion and Order is filed pursuant to Rule 52 of the Federal Rules of Civil Procedure.