Robert CROSSON, Plaintiff,

v.

N. V. STOOMVAART MIJ NEDERLAND, Defendant and Third-Party Plaintiff,

v.

INTERNATIONAL TERMINAL OPERATING CO., Inc., Third-Party Defendant.

No. 62–C–971.

United States District Court
E. D. New York.

March 31, 1967.

Di Costanzo & Klonsky, Brooklyn, N. Y., for plaintiff, Edward Lory, Brooklyn, N. Y., of counsel.

Schaffner & Lawless, Brooklyn, N. Y., for defendant and third party plaintiff, Joseph V. Corpina, New York City, of counsel.

MISHLER, District Judge.

Alexander, Ash & Schwartz, New York City, for third party defendant, Alan H. Buchsbaum, New York City, of counsel.

In the action for personal injuries against N. V. Stoomvaart MIJ "Nederland" (Nederland), tried to a jury, plaintiff, longshoreman, was awarded $12,500. The jury returned a special verdict which specifically found that the shipowner was negligent and breached its warranty of seaworthiness and that plaintiff was free from contributory negligence.

The court then submitted the issue of the breach of the stevedore's duty to perform in a workmanlike manner. The jury found for Nederland against International Terminal Operating Co., Inc. (I.T.O.), the stevedore. The parties consented that the issues of fact upon which Nederland's claim to attorneys' fees and costs rested would be submitted to the court for determination. The parties stipulated that the sum of $1,750 is reasonable in amount for attorneys' fees and costs.[1] I.T.O. disputes the Nederland's right to any fees or costs.

I.T.O.'s argument is that under the policy insuring Nederland's risks, the insurance carrier supplies the attorneys' services and expends the necessary costs to defend the action,[2] and that the shipowner pays nothing in defending the longshoreman's claim for personal injuries. It was stipulated that the shipowner will suffer no loss by its failure to recover attorneys' fees and costs through increased premium rates in the future, or a revision of current or past premium charges; and it was further stipulated that payment of the fees and costs to the shipowner would eventually be received by the attorneys for the insurance carrier.

■■ It is clear that federal maritime law applies in determining the rights between the shipowner and the stevedore. Ryan Stevedoring Co. v. Pan-Atlantic Steamship Corp., 350 U.S. 124, 76 S.Ct. 232, 237, 100 L.Ed. 133; A/S J. Ludwig Mowinckels R. v. Commercial Steve. Co., 256 F.2d 227, 229–230 (2 Cir. 1958). The insurer's right of subrogation is the right to succeed to the shipowner's right of indemnification. Crab Orchard Improvement Co. v. Chesapeake

---

1. Transcript—Hearing—Nov. 22, 1966 p. 4, 1. 24–p. 5, 1. 8

2. The pertinent provisions of the policy read:

I. *COVERAGE A—BODILY INJURY LIABILITY*

To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by an[y] person and caused by accident.

\*   \*   \*   \*   \*

II. *DEFENSE, SETTLEMENT, SUPPLEMENTARY PAYMENTS*

With respect to such insurance as if afforded by this policy, the company shall: .

(a) Defend any suit against the insured alleging such injury, sickness, disease or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent;

but the company may make such investigation, negotiation, and settlement of *any claim or suit as it deems expedient;*

\*   \*   \*   \*   \*

(b) (2) Pay all expenses incurred by the company, all costs taxed against the insured in any such suit and all interest occurring after entry of judgment until the company has paid or tendered or deposited in court such part of such judgment as does not exceed the limit of the company's liability thereon;

\*   \*   \*   \*   \*

13. Subrogation: In the event of any payment under this policy, the company shall be subrogated to all the insured's rights of recovery therefor against any person or organization and the insured shall execute and deliver instruments and papers and do whatever else is necesary to secure such rights. The insured shall do nothing after loss to prejudice such rights.

& O. Ry. Co., 115 F.2d 277 (4 Cir. 1940), cert. denied, 312 U.S. 702, 61 S.Ct. 807, 85 L.Ed. 1135.

The insurer had a contractual duty to defend for the shipowner. 67 Harvard Law Review 1136, 1138 (1954). The shipowner's right to such services were purchased by the premium payment, as it purchased the other rights covered by the insurance contract. The right to counsel fees should not be denied the shipowner because he received the benefit of lawyers' services through his insurance contract. Standard Oil Co. of Cal. v. United States, 153 F.2d 958 (9 Cir. 1946), aff'd 332 U.S. 301, 67 S.Ct. 1604, 91 L.Ed. 2067; Hudson v. Lazarus, 95 U.S.App.D.C. 16, 217 F.2d 344, 346 (1954).[3]

The main thrust of I.T.O.'s argument is that only the insurer benefits from the payment of counsel fees—not the shipowner. However, this is also true of the recovery of the judgment sum originally paid to the plaintiff by the insurer.

Although no authority has been cited in this circuit to support the right to recovery of attorneys' fees where the defense is conducted by attorneys for the party's insurance carrier, cases in other circuits indicate that the right will not be denied because the party does not benefit by the recovery.

In Lesmark, Inc. v. Pryce, 118 U.S App.D.C. 194, 334 F.2d 942 (1964) plaintiff's insurance carrier counsel appeared and defended plaintiff, a building contractor, against its negligence in removing support from a building wall during an excavation of adjoining property. The claim was that plaintiff was "neither obligated nor responsible for the fee". The Court said, at page 945:

"We cannot agree. The fact that the Charrons [co-defendant owners] carried liability insurance which covered the claims of Pryce and Ash [plaintiffs in original suit] did not relieve Lesmark of its obligation to indemnify the Charrons against such claims, and Lesmark does not contend otherwise. Similarly, it was not relieved of its liability for litigation expenses arising from those claims, which were also covered by insurance. And the insurer's agreement to provide direct legal representation rather than reimbursement for attorneys' fees merely reflects an understandable preference of the insurer to control the litigation."

In General Acc. F. & L. Assur. Corp. Ltd. v. Smith & Oby Co., 272 F.2d 581 (6 Cir. 1959), the plaintiff insured one Ferguson, a general contractor, against personal injury claims. A personal injury suit against Ferguson was settled during trial and plaintiff brought an action to enforce its indemnity rights under its subrogation agreement. The Court, discussing the right of the insurance carrier to recover attorneys' fees in defending the personal injury action stated, at p. 586:

"The suit was against Ferguson, but by reason of the insurance contract, General Accident stepped in and defended in place of Ferguson. * * *

If there had been no insurance Ferguson would have been required to pay the settlement and the costs and attorney fees. By the subrogation agreement, General Accident came into possession of all the rights of Ferguson, which included the right to recover costs and attorney's fees."

To the same effect, see Wiseman v. North Central Airlines, Inc., 246 F.Supp. 775 (S.D.S.Dak.1965).

If the principle is applicable to indemnity claims involving general contractors and sub-contractors, it is equally applicable to indemnity claims involving shipowner and stevedore, Bielawski v.

---

3. *Contra,* John Wanamaker, New York, Inc. v. Otis Elevator Co., 228 N.Y. 192, 126 N.E. 718 (1920), where counsel fees were denied. The Court said:
" * * * The Assurance Company could not recover from the Wanamaker Com-

pany any sum for expenses incurred in the defense of the action, * * * and to pay all expenses incurred in the conduct of such defense. The Wanamaker Company was not required to, neither did it, pay any expenses for counsel fees."

American Export Lines, 220 F.Supp. 265, 269 (E.D.Va.1963), aff'd sub nom American Export Lines v. Norfolk Ship Building & Dry. Corp., 336 F.2d 525 (4th Cir. 1964) since "the need for uniform application of indemnity rules" is apparent. A/S J. Ludwig Mowinckels R. v. Commercial Steve. Co., supra, note 1, 256 F.2d at 231.

The Court directs the Clerk to enter judgment in the sum of $1,750.00, representing attorneys' fees and costs, in favor of Nederland and against I.T.O. in addition to the judgment sum originally entered on June 22, 1966, in favor of the plaintiff and against the defendant and third-party plaintiff (Nederland).