JOHN MELNYK, Plaintiff, v. UNITED STATES LINES Co., Defendant and Third-Party Plaintiff-Respondent-Appellant; T. HOGAN & SONS, INC., Third-Party Defendant-Appellant-Respondent.

First Department, October 27, 1970.

*Robert P. Hart* of counsel (*Charles N. Fiddler* with him on the brief; *Kirlin, Campbell & Keating,* attorneys), for defendant and third-party plaintiff-respondent-appellant.

*William F. McNulty* of counsel (*Daniel J. Coughlin,* attorney), for third-party defendant-appellant-respondent.

*Per Curiam.* In this litigation plaintiff Melnyk, a longshoreman, sued defendant United States Lines Co. (U. S.) for personal injuries suffered while working on defendant's vessel. Defendant brought a third-party action against T. Hogan & Sons, Inc. (Hogan), the stevedore on the job. Plaintiff recovered a verdict against U. S., and U. S. in turn recovered over against Hogan. Both U. S. and Hogan appealed to this court but U. S. shortly withdrew its appeal. The judgment of U. S. against Hogan was affirmed (32 A D 2d 527) and Hogan sought leave to appeal to the Court of Appeals. Hogan filed a bond to stay execution pursuant to CPLR 5519. At this point Melnyk issued execution against U. S. and the Sheriff made a levy. U. S. moved to vacate the levy and execution on the ground that the bond filed by Hogan stayed the execution. The motion was denied and the denial affirmed by this court. Thereupon U. S. filed its own bond and applied for a stay of execution pending the determination of the Court of Appeals on Hogan's appeal. The application was denied and U. S. thereupon paid the judgment, which now included poundage and Sheriff's fees. Thereafter the Court of Appeals affirmed the judgment against Hogan (25 N Y 2d 695) and Hogan has satisfied it.

By this application U. S. seeks indemnity for certain expenses consisting of five items. The obligation on which U. S. bases its application arises from the maritime law. Included within the stevedore's warranty of workmanlike performance is not only the obligation to hold the shipowner harmless in respect to the judgment but also in respect to his expenses in defending the claim (*DeGioia* v. *United States Lines Co.,* 304 F. 2d 421) as these are foreseeable consequences of the breach (*DeGioia* v. *United States Lines Co., supra,* p. 426). The liability of the stevedore so engendered is limited to counsel fees necessarily incurred in defending the main action (*Crosson* v. *N. V. Stoomvaart Mij "Nederland",* 409 F. 2d 865, 866–867). Hogan concedes that it is responsible to the shipowner for attorney's fees and reasonable expenses incurred in the action. Accordingly, it has paid the first item sought on this application, namely, $12,500, the conceded value of the attorney's fees for defending

Melnyk's action, and as to this item the appeal is academic. The second item, amounting to $4,279.96, is the Sheriff's fees and poundage. Special Term held, and we agree, that this was not an expense incurred in the defense of the action but rather one that arose by failure to pay the judgment after liability had been determined. The other items consist of the premium on the bond filed to stay execution, the disbursements on the unsuccessful appeal to stay execution, and legal fees for the steps taken in seeking to delay or resist execution. We are unable to see any distinction in principle between these expenditures and the Sheriff's poundage. None of these arose from the defense of the main action. Their validity is not even asserted on this ground but on something entirely different. It is pointed out that one of the grounds of Hogan's appeal was that plaintiff had no cause of action against U. S.; and it is argued, correctly, that had Hogan prevailed on this ground plaintiff's judgment against U. S. would have been vacated. And, it is argued, if the judgment were paid it would have been difficult, or perhaps impossible, to recover the payment back from Melnyk. Very likely this is so, but it nevertheless is no ground for the failure to pay Melnyk on his judgment, nor any ground for delaying payment as already determined by the denial of the application for this relief. It follows that the sums expended in seeking to avoid or delay payment of the judgment were not paid in resistance to Melnyk's claim against it and not recoverable against Hogan.

The order entered April 17, 1970, should be modified on the law by deleting the direction that third-party defendant indemnify third-party plaintiff for the items designated 1, 3, 4 and 5 in the order, and striking out the direction for a reference as to item 5, and as so modified affirmed with costs to third-party defendant.

McNALLY, J. (dissenting). I would modify the order appealed from to the extent of allowing the Sheriff's poundage in the sum of $4,279.96 as set forth in Item 2 of the notice of motion and permit the direction of a reference as to Item 5 thereof relative to the reasonable attorneys' fees and expenses incurred in connection with the defense of the action by reason of the appeal by third-party defendant T. Hogan & Sons, Inc. to the Court of Appeals.

The maritime law entitles a shipowner to recover from a stevedore reasonable disbursements and attorneys' fees incurred in the defense of a longshoreman's action. The right to so recover flows from the breach of the stevedore's implied

warranty of workmanlike service. (*DeGioia* v. *United States Lines Co.*, 304 F. 2d 421; *Nicroli* v. *Den Norske Afrika-Og Australielinie Wilhelmsens Dampskibs-Aktieselskab*, 332 F. 2d 651.)

In the instant case, the stevedore, T. Hogan & Sons, Inc., appealed to this court (32 A D 2d 527, 759, 1030) and to the Court of Appeals (25 N Y 2d 695) from the entire judgment, including that part in favor of the plaintiff. The owner, United States Lines Co., withdrew from its appeal to the Appellate Division that part of the judgment in favor of the plaintiff and did not prosecute an appeal from the judgment for the plaintiff to the Court of Appeals. Pending the appeal to the Court of Appeals, the stevedore filed an undertaking to stay enforcement of the judgment over in favor of the owner. The stevedore did not file any undertaking to stay the execution of plaintiff's judgment against the owner. The prosecution of the appeal by the stevedore in respect of the judgment for the plaintiff, in the circumstances, presented the owner with the alternative of satisfying the plaintiff's judgment and relying on its right of restitution in the event the stevedore secured a reversal of the plaintiff's judgment, or attempting to postpone payment, by a stay or an undertaking, pending the disposition of the appeal by the stevedore. The efforts of the owner to postpone satisfaction of plaintiff's judgment pending the stevedore's appeal to the Court of Appeals are reasonably related to the defense of the plaintiff's action, and the expenses incurred, including legal fees and Sheriff's poundage and fees, in my opinion, are proximately related thereto and within the scope of the warranty of workmanlike service on the part of the stevedore, for which the owner, United States Lines Co., is entitled to recover.

STEVENS, P. J., MARKEWICH, STEUER and TILZER, JJ., concur in *Per Curiam* opinion; McNALLY, J., dissents in opinion.

Order, Supreme Court, New York County, entered on April 17, 1970, so far as appealed from modified on the law by deleting the direction that third-party defendant indemnify third-party plaintiff for the items designated 1, 3, 4 and 5 in the order, and striking out the direction for a reference as to item 5, and as so modified, affirmed. Third-party defendant shall recover of third-party plaintiff $30 costs and disbursements of this appeal.